IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| FREDIE DEAN HOUSTON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 1:23-cv-00015 |
| WILLIAM JOEY TURNER, et al., | ) | JUDGE CAMPBELL |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Fredie Houston, Jr., a pretrial detainee in the custody of the Giles County Sheriff's Department in Pulaski, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), a pleading that lists alleged "Civil Rights and Due Process Right Violations" (Doc. No. 4), and an application for leave to proceed in forma pauperis (IFP) (Doc. No. 6) supported by a trust fund account statement. (Doc. No. 7.)

The matter is before the Court for a ruling on Plaintiff's IFP application and an initial review of his Complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. APPLICATION TO PROCEED AS A PAUPER

A prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's submission that he lacks sufficient financial resources to pay the full filing fee in advance, his application to proceed IFP in this matter (Doc. No. 6) is **GRANTED** and a $350 filing fee[1] is **ASSESSED**.

---

[1] While prisoners who are not granted pauper status must pay a total fee of $402—a civil filing fee of $350 plus a civil administrative fee of $52—prisoners who are granted pauper status are only liable for

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

### A. Legal Standard

The Court must conduct an initial review and dismiss the Complaint[2] if it is facially

---

the $350 civil filing fee. *See* 28 U.S.C. § 1914(a)–(b) and attached District Court Miscellaneous Fee Schedule, provision 14 (eff. Dec. 1, 2020).

[2] Less than one month after filing his Complaint, Plaintiff filed a second pleading (entitled "Civil Rights and Due Process Right Violations") that, on one page, merely lists the provisions of the federal and state constitutions which Plaintiff claims to have been violated and enumerates the following claims: "1. Official misconduct, oppression, and corruption 2 Ineffective assistance. 3. Professional misconduct 4. Procedural misconduct 5. Prosecutor misconduct 6. Tampering with evidence 7. Harassment." (Doc. No. 4.) For purposes of initial review, the Court considers this second filing together with the Complaint.

2

Case 1:23-cv-00015   Document 8   Filed 06/05/23   Page 2 of 6 PageID #: 43

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The review for whether the Complaint states a claim asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although pro se pleadings must be liberally construed, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff must still "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678, upon "view[ing] the complaint in the light most favorable to the plaintiff[.]" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). In applying this standard, the Court only assumes that the *facts* alleged in the Complaint are true; allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement'" are not accepted as true. *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

Plaintiff filed this action under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, the Complaint must allege "that a defendant acted under color of state law" and "that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

**B. Discussion**

Plaintiff alleges that his constitutional rights were violated when (1) on October 17–18,

3

2019, officers conducted an unlawful search of the trash at his residence and planted drugs there in order to frame him, and (2) on October 8, 2020, an officer at the Giles County Jail attacked him and pulled his hair out. (Doc. No. 1 at 6–7.) As relief, he asks the Court to "see that justice is served," including by ordering a refund of the money spent by his family members to support him during his "illegal incarceration" and an award of "any money the Sheriff's Department received for housing [him]" after he was victimized by "an illegal search an[d] seizure." (*Id.* at 7.)

Plaintiff's federal claims for an unlawful search and seizure and the use of excessive force, arising under the Fourth and Fourteenth Amendments to the U.S. Constitution, respectively, are barred by the applicable statute of limitations.[3] The statute of limitations for Section 1983 claims in Tennessee is the one-year period established in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Dibrell v. City of Knoxville, Tennessee*, 984 F.3d 1156, 1161 (6th Cir. 2021); *see also Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007) ("The statute of limitations applicable to a § 1983 action is the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises."). The statute begins to run when the claim accrues, which in the Sixth Circuit is the date that Plaintiff discovers "both his injury and the responsible party." *Cox v. City of Jackson, Tennessee*, 811 F. App'x 284, 288 (6th Cir. 2020) (quoting *Hall v. Spencer Cnty., Ky.*, 583 F.3d 930, 933 (6th Cir. 2009)); *see Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.").

---

[3] Although the statute of limitations is an affirmative defense, district courts may apply it *sua sponte* on initial review where, as here, the defense is obvious. *Comer v. Transit Auth. of N. Kentucky*, No. 2:20-CV-00084-GFVT, 2020 WL 3719818, at *2 (E.D. Ky. July 6, 2020) (citing, *e.g.*, *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense[.]"); *Franklin v. Fisher*, No. 16-6464, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) (finding that dismissal at PLRA screening for failure to state a claim was proper because complaint's untimeliness was "obvious from the face of [the] complaint")).

The instant Complaint presents two claims, both of which accrued more than one year prior to the filing of this action. Although a Fourth Amendment claim filed prior to the resolution of criminal charges was once subject to a rule of deferred accrual in the Sixth Circuit, *see Shamaeizadeh v. Cunigan*, 182 F.3d 391, 398–99 (6th Cir. 1999), the Supreme Court overruled this approach in *Wallace*. Post-*Wallace*, the statute of limitations for such claims begins to run on "the date of the alleged illegal search and seizure." *Harper v. Jackson*, 293 F. App'x 389, 391 n.1 (6th Cir. 2008); *see also Hornback v. Lexington-Fayette Urb. Cnty. Gov't*, 905 F. Supp. 2d 747, 750 (E.D. Ky. 2012), *aff'd*, 543 F. App'x 499 (6th Cir. 2013) (finding that the "rule of *Wallace* soundly applies to a search and seizure scenario," and dismissing as untimely § 1983 claim based on search that occurred more than one year prior to filing); *Johnson v. Weaver*, No. 3:12-CV-00899, 2013 WL 1406225, at *2 (M.D. Tenn. Apr. 8, 2013) (same). Plaintiff thus had one year from October 18, 2019 to file his Section 1983 claim based on the allegedly illegal search and seizure. Likewise, he had one year from October 8, 2020 to file his Section 1983 claim for the alleged attack at the Jail. Because the Complaint in this case was not filed until March 2023, it is obviously untimely and therefore fails to state a claim upon which relief can be granted.

### III. CONCLUSION

In light of the foregoing, Plaintiff's IFP application (Doc. No. 6) is **GRANTED**, and the $350 filing fee is **ASSESSED** as described above.

For the aforementioned reasons, this action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted. This dismissal is without prejudice to Plaintiff's ability to pursue his state constitutional claims in state court.

The Court **CERTIFIES** that any appeal of this decision would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE